### 5093. JOHNSON *v.* THE STATE.

POTTLE, J. The accused was convicted of keeping intoxicating liquors in his place of business. The evidence shows that he received a package of whisky by express and delivered it to a hackman, with instruction to take it to his residence and to deliver it to his wife. The hackman carried the whisky to the home of the accused, and, finding no one there, took it across the street and deposited it in a restaurant, which was being conducted by the accused. The accused was absent and did not know that the hackman had not left the whisky at his residence but had deposited it in the restaurant. About ten minutes after the whisky was left in the restaurant, its presence was discovered by a policeman, and the accused was arrested while on his way to the restaurant from some point in the city. There was no evidence that the accused knew until after his arrest that the whisky had been placed in the restaurant. *Held,* that the conviction was unauthorized and should have been set aside on motion for a new trial.

*Judgment reversed. Russell, J., dissents.*

DECIDED OCTOBER 28, 1913.

Accusation of misdemeanor; from city court of Americus—Judge Harper. June 12, 1913.

*W. T. Lane,* for plaintiff in error.

*Z. S. Childers, solicitor,* contra.

---

### 5094. SANDERS *v.* THE STATE.

HILL, C. J. There was no material or prejudicial error in the rulings of the trial judge in the admission of the testimony objected to on any of the grounds urged thereto, and the evidence fully authorized the verdict.

*Judgment affirmed.*

DECIDED OCTOBER 28, 1913.

Indictment for fornication and adultery; from Hart superior court—Judge Meadow. June 7, 1913.

*A. A. McCurry, A. S. Skelton,* for plaintiff in error.

*Thomas J. Brown, solicitor-general, A. G. & Julian McCurry,* contra.